**Supreme Court of the State of New York**
**County of New York**

| | |
|---|---|
| **JUNXI LIU,** | Index No.: |
| *Plaintiff*, | **SUMMONS** |
| -against- | Plaintiff designates New York County as place of trial. |
| **ALL NIPPON AIRWAYS, CO., LTD.** | |
| *Defendant.* | |

**To the above named Defendant:**

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, NY
        April 29, 2024

Yours,
YZ Law Firm LLP

*Yun Ling*

Yun Ling, Esq.
30 Wall St., 8th Floor
New York, NY, 10005
Telephone: 872.202.0177
ling@yzlaw.com

-and-
Shaoyi Che, Esq. (*Pro Hac Vice*)
9355 John W Elliot Dr
Ste 25555
Frisco, TX 75033
Telephone: 717.440.3382
che@yzlaw.com
*Attorneys for Plaintif*

YZ Law Firm LLP
Yun Ling, Esq.
30 Wall St., 8th Floor
New York, NY, 10005
Telephone: 872.202.0177
ling@yzlaw.com
-and-
Shaoyi Che, Esq. (*Pro Hac Vice*)
9355 John W Elliot Dr
Ste 25555
Frisco, TX 75033
Telephone: 717.440.3382
che@yzlaw.com
*Attorneys for Plaintiff*

**Supreme Court of the State of New York**
**County of New York**

| | |
|---|---|
| **JUNXI LIU,**<br><br>　　　　　　*Plaintiff*,<br><br>　　-against-<br><br>**ALL NIPPON AIRWAYS, CO., LTD.**<br><br>　　　　　　*Defendant*. | Index No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, Junxi Liu ("Liu"), by her attorneys, YZ Law Firm LLP, for a Complaint against Defendant ALL NIPPON AIRWAYS, Co., Ltd. ("ANA"), alleges as follows:

### PRELIMINARY STATEMENT

This is yet another case where an airline negligently lost its passenger's baggage while refusing to fully compensate the passenger, invoking the limitation of liability clause under the Montreal Convention. However, the limitation shall not apply here even within the framework of the Montreal Convention.

Liu was a business class passenger of All Nippon Airways on Feb 11, 2024, during her travel from Beijing to New York (Transfer in Tokyo). When Liu checked in her two pieces of baggage in

Beijing at ANA's priority customer counter, none of the ANA staff informed Liu of the effectiveness of the Montreal Convention, her option to declare the value of her luggage, or bothered to ask her whether there were valuables in her checked luggage. She was never told that no matter how much value Liu's baggage was worth, ANA would only agree to compensate her $1709 if her baggage was lost.

      Liu arrived in New York only to find one of her baggage missing, together with her personal belongings in the baggage valued at $18,571.58. Other than confirming that the lost baggage was on board from Tokyo to New York, ANA was not able to locate the baggage or provide any other useful information in attempting to locate the baggage. ANA does not have any tracking mechanism or surveillance system monitoring passenger's baggage. The only camera pointing toward the baggage belt "does not have a good angle," according to ANA staff in New York. In essence, once baggage is lost, ANA has nothing in place to locate it. What Liu never expected was that after ANA lost her baggage, ANA's assistant manager of customer service, Steven Chau, on behalf of ANA, threw Liu a take-it-or-leave-it compensation offer capped at $1709 only valid for 14 days, citing the limitation of liability clause under Art.22 of the Montreal Convention. The proposed compensation was less than 10% of Liu's actual damage suffered from ANA's reckless omission.

      Art.22 of the Montreal Convention shall not limit ANA's liability in this case because ANA intends to use the limitation of liability clause to shield itself from its duty owed to its passengers. ANA does not safeguard its passengers' luggage, does not implement any system tracking its passengers' baggage once it is on board a flight, does not designate staff to monitor the baggage claim area, and does not even properly install cameras in its baggage claim areas. When Liu's baggage was lost, ANA implemented no meaningful measures in an attempt to retrieve Liu's luggage.  ANA showed complete carelessness while knowing that damage would most likely occur to its passengers if baggage were to be lost. Such facts indicate reckless omission from ANA with the knowledge that damage would probably result.

      Therefore, Liu brings this action seeking monetary damages from ANA as a result of ANA's reckless omission.

## PARTIES

1. Plaintiff, Junxi Liu, also known as Junsee Liu, is a resident of New York County, New York.

2. Defendant All Nippon Airways, Co. Ltd is a foreign business corporation registered with the Secretary of State, State of New York. It maintains its principal office at 630 Third Avenue, 2nd Fl., New York, NY, 10017.

3. ANA operates passenger air service within the United States and between the United States and other countries, including Japan and China.

## JURISDICTION AND VENUE

1. This court has personal jurisdiction over Defendant pursuant to CPLR § 301, in that Defendant, at all times relevant to this action, has been a resident of and/or has transacted business within the State of New York.

2. This court has personal jurisdiction over Defendant pursuant to the Montreal Convention Art.33 (1), in that Defendant, at all times relevant to this action, maintained an office within the State of New York.

3. Venue in this Court is proper pursuant to CPLR § 503 because the Defendant is a corporation residing in the County of New York.

## FACTS

1. On February 11, 2024, Plaintiff was a passenger on flights operated by Defendant.

2. Plaintiff checked in for flight NH962, operated by Defendant ANA, at Terminal 3, Peking Capital International Airport ("PEK"), to Tokyo Haneda International Airport ("HND"); at HND, she then transferred to flight NH109, also operated by ANA, towards her final destination, New York John F. Kennedy Airport ("JFK").

3. Plaintiff paid $9,510.9 for her tickets for her flights.

4. Plaintiff checked in two baggages at PEK, Bag 1 and Bag 2.

5. Bag 1 was weighed to 22 kilograms at baggage check in PEK.

6. ANA mistakenly weighed Bag 2 to 36 kilograms at PEK; in fact, Bag 2 was lighter than Bag 1.

7. Both Bag 1 and Bag 2 were to be transported straight through to JFK.

8. Plaintiff was not informed of any liability limit for missing baggage, or possibility to declare value of baggage, when she checked her baggage in at the ANA counter.

9. Plaintiff arrived at Terminal 7, JFK in the evening of February 11, 2024. As a business class passenger, Plaintiff was one of the first passengers to disembark the aircraft.

10. During the process of transporting Bag 1 from PEK to JFK, Bag 1 was lost, and the Defendant was not able to keep track of, or locate Bag 1, due to an act or omission of the Defendant, its servants or agents, done recklessly and with knowledge that loss would probably result.

11. After Plaintiff went through the Custom at the Airport, she arrived at baggage claim, only to find Bag 1 to be missing.

12. The container of Bag 1 was a Rimowa Original Black luggage, with an aluminum exterior, measuring 31.2*20.1*10.7 in. ANA weighed Bag 1 at 22 kilograms. There was a tie-on tag with Plaintiff's name and contact information on the luggage, as well as stickers with her names on the front and back of the luggage. Plaintiff purchased it in 2018, with its original price of $1,800.

13. Contents of Bag 1 included a MacBook Pro, and multiple designer clothes, shoes, and accessories, with a total purchase price of $16,771.58.

14. After failing to obtain her baggage, Plaintiff immediately contacted the office of Defendant at JFK airport, at around 10:00 pm, February 11, 2024.

15. Defendant's staff did nothing more than physically look around the baggage claim area.

16. After failing to locate Bag 1 for Plaintiff, a representative of Defendant told Plaintiff to go home and will keep her informed while continuing to search for her missing baggage.

17. On February 12, 2024, a representative of Defendant informed Plaintiff that they are still unable to locate Bag 1, without providing any further information.

18. On February 20, 2024, Plaintiff followed up with Defendant to inquire about the status of the search for her baggage. On February 24, 2024, Plaintiff filed an ANA Missing Property

Questionnaire with a detailed but non-exhaustive list of contents in Bag 1, as well as invoices for those items in support.

19. On February 25, 2024, Defendant informed Plaintiff that they were investigating with the Customs and Border Protection ("CBP") as well as their PEK station.

20. On February 27, 2024, a representative of Defendant, Steven Chau, Supervisor, Passenger Services, All Nippon Airways Co., Ltd., JFK International Airport Terminal 7 contacted Plaintiff. He suggested that Plaintiff may utilize the "Find My App" function to locate her MacBook Pro computer in Bag 1.

21. On February 28, 2024, Defendant informed Plaintiff that ANA had confirmed that Bag 1 was loaded on the flight from PEK, as well as on the flight from HND. Therefore, the baggage was lost after the aircraft landed in New York.

22. Defendant's representative also stated that they were reviewing camera footage, but "the angle of the camera is not clear enough". Defendant also stated that there are multiple bags similar to Bag 1 and of the same make of Bag 1 out there. However, Defendant was not able to provide any further information or photos of those similar bags.

23. Defendant further stated that the likelihood of locating Bag 1 was low.

24. Defendant further stated that they will not be able to compensate for the loss of Bag 1 over $1709.

## FIRST CLAIM FOR RELIEF

(Article 17 of the Montreal Convention, Damage to Baggage)

25. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 21 as if more fully set forth herein.

26. Under the Article 17 of the Montreal Convention of 1999, ANA, as a commercial passenger flight operator, is liable for loss of checked baggage, when the loss of baggage took place on board of the aircraft or during any period within which the checked baggage was in the charge of the carrier.

27. On February 11, 2024, Plaintiff's checked baggage, Bag 1 was lost on board of the NH962, or on board of NH109, or when Bag 1 was being transported through PEK, HND, or JFK, before the baggage reached the baggage claim at JFK; during such period Bag 1 was in the charge of the carrier.

28. The loss of the baggage resulted from the reckless omission of Defendant.

29. Defendant did not have any system to track baggage once it was on board a flight.

30. Defendant did not have any established internal system to retrieve lost baggage.

31. Defendant did not assign any staff to monitor the baggage claim area.

32. Defendant did not install cameras properly to monitor the baggage claim area.

33. Defendant knows that their luggage transportation and handling procedure has caused losses of baggage in the past years.

34. Defendant knows, or reasonably should have known, that losses of baggage will probably result if their luggage transportation handling procedure stays the same.

35. Defendant is liable for the loss of Bag 1.

36. Defendant's liability for the loss of Bag 1 is not limited by the limit of liability in Article 21 of Montreal Convention.

37. Defendant is liable for the actual value of Bag 1.

## PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests the Arbitrator to issue a final award against Respondent and to:

A. Order Defendant to pay Plaintiff for the actual value of the baggage for $18771.58.

B. Grant Plaintiff reasonable attorney's fees and court costs.

C. Grant Plaintiff such additional and further relief as just and proper.

Dated: April 18, 2024　　　　　　　　　　　　　　Respectfully submitted,

New York, New York

**YZ Law Firm LLP**

By: *Yun Ling*
Yun Ling

30 Wall St., 8th Floor
New York, NY, 10005
Telephone: 872.202.0177
Ling@yzlaw.com

Shaoyi Che (*Pro Hac Vice*)
9355 John W Elliot Dr
Ste 25555
Frisco, TX, 750333
che@yzlaw.com
Telephone: 717.440.3382
*Attorneys for Plaintiff*
*Junxi Liu*